**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

ROBERT C. WOLSCHLAGER,

    Plaintiff,                        CASE NO. 05-CV-10248

v.                                        DISTRICT JUDGE DAVID M. LAWSON
                                             MAGISTRATE JUDGE CHARLES BINDER

CAROL HENNY,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.**    **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that this case be *SUA SPONTE* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.**    **REPORT**

    **A.**    **Introduction**

On November 14, 2005, this *pro se* case was referred to the undersigned Magistrate Judge for general case management by United States District Judge David M. Lawson. (Dkt. 4.) Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 was granted on September 30, 2005. (Dkt. 3.) After screening the *pro se* complaint as required by the statute governing IFP actions, I conclude that the case is ready for Report and Recommendation.

**B.     Analysis and Conclusions**

**1.     Screening Provision**

When a plaintiff is proceeding IFP, the following statute requires the Court to *sua sponte* review the case:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>     . . . .
>     (B)  the action or appear--
>
>         (i)    is frivolous or malicious;
>
>         (ii)   fails to state a claim on which relief may be granted; or
>
>         (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Sixth Circuit has instructed that this provision requires a district court to screen all IFP cases and to *sua sponte* dismiss those that are frivolous or fail to state a claim for relief. *Porter v. Soice*, 24 Fed. Appx. 384, 386 (6th Cir. 2001); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). A case is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989).

When determining whether a complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6). Although federal courts are required to liberally construe the pleading of a *pro se* plaintiff and to hold it to a less stringent standard than a similar pleading drafted by attorneys, *see Haines v. Kerner*, 404

U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), a *pro se* plaintiff's complaint nevertheless must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

**2.     Discussion**

In this case, the complaint consists of the following paragraph:

> Mrs. Carol Henny refuses to re-emburce [sic] me for paying Consumers bill and B.A. [Bad Axe] city water bill.  For, at the time, for 90 days [sic] on a Saginaw Co. Court order for mental illness.  I feel as though she should pay bills in my father Harold's name.  He is her client.

(Compl. at 1.)  I suggest that, even when construing the *pro se* complaint liberally pursuant to *Haines, supra,* Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff apparently seeks reimbursement for the cost of utility bills, which are in his father's name, for the 90-day period during which he was hospitalized for mental illness and therefore not using the utilities.  The complaint, as such, does not contain either direct or inferential allegations of the material elements of any viable legal theory under which Plaintiff might possibly sustain a recovery in federal court. *Scheid*, 859 F.2d at 437.

A federal action must either be based upon diversity jurisdiction or federal question jurisdiction, and neither is present here.  Pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when a matter is between citizens of different states and the amount in controversy exceeds $75,000.  In this case, diversity jurisdiction is not present because both Plaintiff and Defendant are citizens of the State of Michigan and Plaintiff does not allege that the amount he seeks is more than $75,000.  Moreover, for this Court to possess federal question jurisdiction, the case must be a "civil action[] arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3

Here, Plaintiff has not alleged that his claim arises under any federal law, and the facts as alleged do not give rise to any inference that a federal law is implicated or that a constitutional violation has occurred. Accordingly, I suggest that the case is subject to *sua sponte* dismissal.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
|  | s/ *Charles E. Binder* |
|  | CHARLES E. BINDER |
| Dated: November 22, 2005 | United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Robert C. Wolschlager and Honorable David M. Lawson.

|  |  |
|---|---|
| Dated:  November 22, 2005 | By          s/Mary E. Dobbick |
|  | Secretary to Magistrate Judge Binder |

4