UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT WOLSCHLAGER,

                Plaintiff,                    Case Number 05-10248-BC

v.                                           Honorable David M. Lawson
                                           Magistrate Judge Charles E. Binder

CAROL HENNY,

                Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING COMPLAINT WITH PREJUDICE

This matter is before the Court on the plaintiff's objections to a report issued on November 22, 2005 by Magistrate Judge Charles E. Binder, operating under an order of reference to conduct all pretrial matters, recommending that the Court *sua sponte* dismiss the complaint. The Court agrees with the magistrate judge's conclusion that it lacks jurisdiction over the action and will overrule the plaintiff's objections.

Pursuant to 28 U.S.C. § 1915(e)(2), the magistrate judge screened the case to determine whether the action is "frivolous or malicious;" "fails to state a claim upon which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief." He concluded that the "Plaintiff apparently seeks reimbursement for the cost of utility bills, which are in his father's name, for the 90-day period during which he was hospitalized for mental illness" and therefore the complaint contained neither "direct [n]or inferential allegations of the material elements of any viable legal theory" in federal court. Report & Recommendation at 3.

According to the magistrate judge, diversity jurisdiction was absent because the parties are all citizens of Michigan and the amount in controversy requirement had not been satisfied. *See* 28

U.S.C. § 1332.  Similarly, federal question jurisdiction was lacking because there was no indication that the action arose under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331. In his objections, the plaintiff states that his father is entitled to Social Security insurance benefits and apparently the defendant, the individual that was helping his father manage his funds, is trying to "liquidate all of his assets." Pl.'s Objections at 1. At any rate, this individual "is responsible for 3 months [of] bills worth of money she should re[imburse] [the plaintiff] for." *Id.* at 2.  The plaintiff asks that the defendant be removed as a public guardian for violating the basic rights of his father.

Although the plaintiff indicates that his father is receiving benefits under the Social Security Act, there are no allegations in the complaint or objections that would permit the Court to conclude that it is has jurisdiction over the case.  The plaintiff does not assert that he or his father were denied Social Security benefits.  Thus, this action does not arise under the laws of the United States as required by 28 U.S.C. § 1331 and this Court is without jurisdiction.  The plaintiff appears to allege that there was an arrangement between himself, his father, and the defendant as to how the plaintiff's father's funds were to be managed. At best, then, the complaint states a cause of action sounding in contract.  However, the parties appear to be residents of Michigan and the amount in controversy is not alleged or evidenced to exceed $75,000.  The Court therefore does not have jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED**, the plaintiff's objections [dkt # 8] are **OVERRULED**, and the complaint is **DISMISSED WITH PREJUDICE**.

> s/David M. Lawson
> DAVID M. LAWSON
> United States District Judge

Dated: January 30, 2006

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 30, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS